## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LATASHA WEDDINGTON, | : | |
| **Plaintiff,** | : | |
| v. | : | **CIVIL NO. 08-CV-3359** |
|  | : | |
| STRAWBRIDGE'S, et al., | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION & ORDER

**RUFE, J.**                                                                          **October 2, 2008**

### I. INTRODUCTION

This is a slip-and-fall action.  Presently before the Court is the Notice of Removal jointly filed by Defendants Strawbridge's, Macy's Northeast, Inc., Federated Department Stores, Inc., and May Department Stores Co. (collectively, "Defendants").[1]  Because the Court does not have subject matter jurisdiction, it will remand the action pursuant to 28 U.S.C. § 1447(c).

### II. BACKGROUND

Plaintiff Latasha Weddington ("Plaintiff" or "Weddington") is a citizen of Pennsylvania.  She filed a Complaint against Defendants in the Court of Common Pleas of Philadelphia County on September 12, 2007,[2] seeking damages under theories of premises liability for injuries sustained when she slipped and fell in a department store on April 12, 2006.[3]

---

[1] Doc. No. 1.

[2] Court of Common Pleas of Philadelphia County, September Term, 2007, No. 001078.

[3] See Not. Rem. Ex. A.

On that date, Defendant Federated Retail Holdings ("Federated") owned the store in question.[4]

Federated was a New York corporation with its principal place of business in Cincinnati, Ohio.[5]

Federated changed its name to Macy's Retail Holdings ("Macy's") in June, 2007, but remained

incorporated under the laws of New York with its principal place of business in Ohio.[6]  The

citizenship and relationship of the other named defendants to this action is not presently clear.[7]

The Complaint states a claim for damages of $50,000 or less,[8] which falls within

the compulsory arbitration limit of $50,000 for the Court of Common Pleas of Philadelphia

County.[9]  Plaintiff accordingly filed the Complaint in the Arbitration Division of that Court.[10]

The Complaint also states that if an Arbitration result "is appealed, Plaintiff demands a jury trial

in an amount in excess of Fifty Thousand ($50,000.00) Dollars."[11]  The Complaint lists

Plaintiff's physical injuries as:

> including, but not limited to: right shoulder sprain and strain, right and left knee

---

[4] Not. Rem. ¶9.

[5] Not. Rem. ¶10.

[6] Not. Rem. ¶¶12-13.

[7] Defendants fail to state the citizenship status of the other named defendants – Strawbridge's, Macy's Northeast, Inc., and May Department Stores Co. – and also fail to specify these Defendants' actual role in or connection to this litigation, if any. From the face of Plaintiff's Complaint, it appears that two defendants, Strawbridge's and Macy's Northeast, Inc., were located, for some purposes at least, in Pennsylvania at the time of filing.  Uncertainty as to the proper relationship of these Defendants to this action, coupled with uncertainty as to their citizenship for purposes of 28 U.S.C. § 1332(a), would give the Court certain pause in finding that diversity jurisdiction exists herein, as Defendants request.  However, because the Court finds that the amount in controversy requirement of Section 1332(a) is not satisfied in this case, diversity jurisdiction is not supported in any event, and further briefing on the status and citizenship of the aforementioned Defendants will not be required.

[8] See Mot. Rem. Ex. A (civil cover sheet and several *ad damnum* clauses in Complaint, e.g., after ¶19).

[9] See 42 Pa. Const. Stat. § 7361; Phila. Local Rule 1301.

[10] Mot. Rem. ¶15.

[11] Mot. Rem. Ex. A (Complaint ¶12).

sprain and strain, cerebral concussion, cervical and lumbosacral sprain and strain,
right ankle sprain and strain, disc bulges at L4/5 and L5/S1, radiculopathy at L5,

and specifies damages in the form of compensation for associated financial loss, un-reimbursed

medical expenses, earnings loss, and pain and suffering.[12]

   Defendants jointly filed the instant Notice of Removal on July 17, 2008, asserting

diversity jurisdiction.  In the Notice, Defendants aver that Plaintiff and Macy's are citizens of

different states.  Defendants also claim that sometime during the thirty days prior to July 17,

2008, they discovered medical bills showing "that plaintiffs [sic] medical specials . . . total

$35,398.50."[13]  Defendants argue these bills demonstrate that the $75,000 amount in controversy

requirement of 28 U.S.C. § 1332(a) is satisfied in this action, permitting removal pursuant to 28

U.S.C. § 1441(a).[14]  They argue the removal is timely under 28 U.S.C. 1446(b) because it came

within thirty days of learning, through Plaintiff's medical bills, that the jurisdictional amount was

at stake.[15]

## III. DISCUSSION

   Section 1441(a) of Title 28 permits a defendant in a state court action to remove

the case to a federal court that could have exercised jurisdiction over the matter in the first

instance.[16]  After removal, "if at any time before final judgment it appears that the district court

---

[12] Mot. Rem. Ex. A (Complaint ¶¶15-19).

[13] Mot. Rem. ¶¶18-19.

[14] Mot. Rem. ¶20.

[15] Mot. Rem. ¶19.

[16] 28 U.S.C. § 1441(a).

lacks subject matter jurisdiction, the case shall be remanded."[17]

As noted previously, Defendants here removed on the basis of diversity jurisdiction.  Diversity jurisdiction exists over an action if the parties are citizens of different states and the amount in controversy exceeds $75,000.[18]  The Court will set aside the question of party citizenship and focus first on the amount in controversy.

Because Defendants seek to establish jurisdiction, they bear the burden of demonstrating "to a legal certainty that the amount in controversy exceeds the statutory minimum."[19]  The Court must construe Section 1441 strictly against removal,[20] and must resolve doubts as to whether an action meets the amount in controversy requirement in favor of remand.[21]

Defendants do not argue that this action was removable when originally filed in state court.  Indeed, if this removal were premised on the pleadings in the Complaint, it would be barred as untimely under the first paragraph of 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based[.][22]

Rather, the instant removal proceeds under the second paragraph of § 1446(b).  That paragraph states,

> If the case stated by the initial pleading is not removable, a notice of removal may be

---

[17] 28 U.S.C. 1447(c).

[18] 28 U.S.C. 1332(a).

[19] Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004).

[20] Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

[21] Samuel-Bassett, 357 F.3d at 403.

[22] 28 U.S.C. 1446(b).

4

> filed within thirty days after receipt by defendant . . . of a copy of an amended
> pleading, motion, order or other paper from which it may first be ascertained that the
> case is one which is . . . removable[.][23]

Defendants claim the Notice of Removal was timely because it was filed within thirty

days of their receipt of Plaintiff's medical bills totaling $35,398.50. These bills, they

argue, are "other paper" from which the removability of this action could first be

ascertained. Although the Third Circuit has not defined the term "other paper" in 28

U.S.C. 1446(b),[24] the Court accepts for purposes of this case that Plaintiff's medical bills

obtained through discovery in a personal injury action qualifies as such. The Court

cannot agree, however, that on the strength of Plaintiff's medical bills, or on any other

basis, this action was properly removed.

      In the Complaint, Plaintiff explicitly limits her damages claim to $50,000

or less. As such, her case was subject to compulsory arbitration under Pennsylvania

law,[25] and Plaintiff properly filed her case in the arbitration division of the Philadelphia

Court of Common Pleas. "Courts of this district have consistently held that cases subject

to compulsory arbitration under Pennsylvania law may not be removed for lack of federal

jurisdiction" where the asserted basis for removal is diversity jurisdiction.[26] These

holdings deem Pennsylvania's compulsory arbitration limits as having controlling

---

[23] Id.

[24] See Efford v. Milam, 368 F. Supp. 2d 380, 385-86 (E.D. Pa. 2005) (noting lack of definitive statement by Third Circuit on meaning of "other paper," and collecting cases from other courts defining the term).

[25] 42 Pa. Const. Stat. § 7361.

[26] Foster v. Home Depot, Inc., No. Civ. A. 05-cv-1999, 2006 WL 470596, at *2 (E.D. Pa. Feb. 24, 2006) (citing O'Toole v. State Farm Cas. Co., No. Civ. A. 03-cv-5442, 2004 WL 1126023, at *1 (E.D. Pa. May 20, 2004); Nelson v. Kmart Corp., No. Civ. A. 96-2411, 1996 WL 257343, at *2 (E.D. Pa. May 14, 1996)).

jurisdictional significance in the removal context, such that a case subject to compulsory arbitration in Pennsylvania is incapable of satisfying the Section 1332(a) amount in controversy requirement.[27]  Indeed, a case subject to compulsory arbitration in Pennsylvania does not satisfy the amount in controversy requirement even where, but for an *ad damnum* clause limiting the claim to $50,000 or less, it would meet the statutory threshold.[28]

Defendants implicitly accede as much, arguing that it is not Plaintiff's Complaint, but her subsequently discovered medical bills, that render this action removable under Section 1446(b).  This argument is misplaced.  Because this case is subject to compulsory arbitration under Pennsylvania law and was proceeding in the arbitration division of a Pennsylvania court when removed, it is considered below the Section 1332(a) amount in controversy threshold, regardless of what Plaintiff's damages evidence may show.[29]  Were Plaintiff to file an amended complaint in state court without the *ad damnum* clauses that now appear, the result might be different.  Similarly, if the eventual arbitration outcome were to be appealed by either party, the jurisdictional limitation of the state compulsory arbitration law would no longer apply,[30] and damages

---

[27] See, e.g., Foster, 2006 WL 470596, at *2;  O'Toole, 2004 WL 1126023, at *1.

[28] See Espinosa v. Allstate Ins. Co., No. Civ. A. 07-cv-0746, 2007 WL 1181020, at *3 (E.D. Pa. April 16, 2007) (holding that a plaintiff in Pennsylvania may limit her claims, including for punitive damages, to the compulsory arbitration amount and thus "avoid the amount in controversy threshold for federal diversity jurisdiction") (citing Morgan v. Gay, 471 F.3d 469, 474-75 (3d Cir. 2006)); Punzak v. Allstate Ins. Co., No. Civ. A. 07-cv-1052, 2007 WL 1166087, at *3 (E.D. Pa. April 16, 2007) (same); see also Foster, 2006 WL 470596, at *2 (holding that in cases subject to compulsory arbitration in Pennsylvania, "the amount in controversy is below the threshold for diversity jurisdiction . . . even where the value of the underlying claim is actually greater than the jurisdictional threshold").

[29] See, id.

[30] See Foster, 2006 WL 470596, at *2

evidence might support removal at that time.  Barring these or other eventualities of similar import, however, the present Complaint controls, and this case is not removable. Lacking subject matter jurisdiction, the Court must remand this case to Pennsylvania court.[31]

## IV.  CONCLUSION

For the reasons set forth above, and pursuant to 28 U.S.C. § 1447(c), the Court will remand this action.  An appropriate Order follows.

---

[31] See 28 U.S.C. § 1447(c).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LATASHA WEDDINGTON,      :
         Plaintiff,      :
     v.      :      **CIVIL NO. 08-CV-3359**
     :
STRAWBRIDGE'S, et al.,      :
         Defendants.      :
     :

### ORDER

AND NOW, this 2nd day of October 2008, upon consideration of the Notice of Removal in this action [Doc. No. 1], it is hereby **ORDERED** that this case is **REMANDED**, without assessment of costs or expenses to either party.  The Clerk of Court is hereby **directed** to mail a certified copy of the Order of Remand to the clerk of the Court of Common Pleas of Philadelphia County, forthwith.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

8